Smith, J.
We notice very briefly the assignments of error in the petition in error of the railway company.
First: We are of the opinion that the verdict of the jury was-not so manifestly against the weight of the evidence as to justify us in reversing the judgment on that ground — though we might be disposed to beiieve that there is considerable question as to whether the verdict was right.
Second: It is urged that the trial court erred in permitting tbe plaintiff to testify that the general reputation of the fireman Detterman, on defendant’s road was, that he was a rough man with an engine. The claim of the plaintiff below being that he was injured by the reckless and negligent management of an engine on defendant’s road, which he, as a brakeman, was attempting to couple to some cars, and that Detterman, the fireman,was incompetent, and that the officers of the company had been notified or know of this, and had promised plaintiff that be should not operate the engine. This was all denied by the defendant. We think the admission of this evidence was proper and justified by the authorities. Thus, in 1 Greenieaf’s Evidence.16th edition,section 14,page — ,itis said, ”On the same principle, to show an employer's knowledge of an employe’s incompetenoy, the employe’s reputed character for competency, and perhaps also particular acts of incompetency may be shown as already explained; and in the same way, *779 against a defendant whose keeping of a dangerous animal is in issue, the animal’s reputation, as well as particular instances of its vicious behavior; are admissible.”
Third: We hold that the court did not err in permitting Paine to be recalled as a witness and testify. This was a matter of discretion with the trial judge, and if not abused to the prejudice of the defendant, as there is no reason to believe there wap in this case, the ruling should not be held erroneous or prejudicial.
Fourth: It is averred that the court erred in refusing to give to the jury as requested by defendant’s counsel special charges No. 1 and 5. Said special charges are as follows:
No.l. If the jury find that the fireman was competent,and they further find that the plaintiff was injured because of the negligence or want of care of the fireman, the plaintiff can not recover for such injury, because the fireman and brakeman were fellow servants, and in suoh case the verdict must be for the defendant.
No. 5. If the plaintiff voluntarily put himself into or remained in a known place of danger, and is injured, he can not recover.
The court dia not err in declining to give charge No. 1 so asked for. It assumed that the fireman and the plaintiff were fellow servants, and therefore under the case supposed, could not reoover. Whether they were fellow servants, or whether one was the superior of the other, was a.question for the jury to find from the evidence, and evidence of the relative position of the two had been offered in the case — and the court properly refused to give the charge that they were fellow servants, In the general charge, which was an admirable one, and which clearly and concisely stated the law applicable to the case, the jury were instructed in a certain event to find from the evidence whether they were fellow servants or whether the one was the superior officer of the other.
The court also properly refused to give special charge No. 6. It would have been misleading in its character. It is within the knowledge of every one that the business of coupling oars on a train as it is done is a very hazardous one, and that a brakeman does voluntarily put himself into a known place of danger every time he attempts to co.uple cars. Of course, he assumes the ordinary risks of such an employment,but if he is injured by the gross negligence of an incompetent employe of the company known to be so incompetent, he would not be defeated in his action, simply because he had voluntarily put himself into, or remained in a-known place of danger.
The judgment of the court of common pleas will therefore be affirmed, with costs, but without penalty.